In the Matter of the Probate of the Last Will and Testament of ANNIE BOYLE, Deceased. ANNA LIPPI and Others, Appellants; MARY GENTILE and Others, Respondents.— Decree of the Surrogate's Court, Queens County, setting aside the verdict of a jury on the issue of testamentary capacity, dismissing appellants' objections, and admitting the will of the testatrix to probate, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

In the Matter of the Judicial Settlement of the Account of GEORGE GROSS and Others, as Executors under Will of MAX GROSS, Deceased. FRANCES BUXBAUM BROAD and MURIEL BUXBAUM GREEN, Appellants; GEORGE GROSS and Others, Executors, etc., of MAX GROSS, Deceased, and JOHN PASTA, Special Guardian, etc., in Person, Respondents.— Appeal by petitioners from an order of the Surrogate's Court, Queens County, denying their application under subdivision 6 of section 20 of the Surrogate's Court Act for an order vacating a decree which settled an account of proceedings of executors and directing a new accounting. Order unanimously affirmed, with costs to the respondents appearing separately and filing briefs, payable by petitioners personally. No question is raised as to the jurisdiction of the court or the proper citation of the parties. The proceedings on the accounting, had five years before this proceeding was instituted, were regular on their face, and the interests of the petitioners, then infants each over the age of fourteen years and represented by special guardian duly appointed, were safeguarded competently and according to law. The papers present no facts, as distinguished from conjecture and speculation, which tend to show merit in the application, or to overcome the presumption that the executors did everything which their official duties required them to do and that the proceeding was free from irregularity. (*Matter of Marcellus*, 165 N. Y. 70, 77; *Wells* v. *Garbutt*, 132 id. 430, 437.) One seeking as a favor of the court an opportunity to reopen a litigation must show that a meritorious controversy exists. (*Fitzgerald Manufacturing Co.* v. *Alexander*, 200 App. Div. 164, 168; appeal dismissed, 234 N. Y. 608.) The petitioners failed to sustain that burden. " The security of property rights, the peace of families and the public welfare demand that there must be an end of litigation." (*Sprinkle* v. *Holton*, 146 N. C. 258, 266; 59 S. E. 680.) Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.