In the Matter of the Petition of Rose Eitingon.

In the Matter of the Accounting of Motty Eitingon et al., as Surviving Trustees of a Trust for Rose Eitingon. Motty Eitingon et al., Individually and as Executors and Trustees under the Will of Waldemar Eitingon, Deceased, et al., Appellants; Rose Eitingon, now known as Rose Eitingon Field, et al., Respondents.

Decree and order affirmed, with costs.

Cohn, J. (dissenting). An assault such as this upon the integrity of decrees of the Surrogate's Court in accounting proceedings involving charges of fraud made many years after the entry of the decrees should not be sustained unless the evidence of the fraud is clear and conclusive. (*Matter of Olmsted*, 17 Abb. N. C. 320, 327; *Matter of Griffin*, 210 App. Div. 564, 568; *Matter of Sielcken*, 162 Misc. 54, 65; *In re Pritchard's Estate*, 36 N. Y. S. 2d 997, 1001.) The rule is the same where, as here, at the time the challenged decrees were entered the petitioner was an infant whose interests were properly safeguarded by a highly competent special guardian duly appointed. (*Matter of Hawley*, 100 N. Y. 206; *Matter of Gross*, 263 App. Div. 818.) Formal decrees should not be

set aside on mere suspicion and conjecture. In my view there was insufficient evidence of the alleged fraud to warrant a vacatur of three decrees of the Surrogate's Court judicially settling the accounts of the executors and trustees, dated respectively June 14, 1927, May 27, 1931, and December 12, 1932. Accordingly, I dissent and vote to reverse the decree appealed from and to dismiss the petition.

Martin, P. J., Townley, Glennon and Dore, JJ., concur in decision; Cohn, J., dissents in opinion.

Decree and order affirmed, with costs. No opinion.