In the Matter of the Construction of the Will of RICHARD SUTRO, Deceased.

Surrogate's Court, New York County, June 7, 1951.

*S. Pearce Browning, Jr.,* and *Louis S. Auchincloss* for Ella H. Sutro and another, as trustees under the will of Richard Sutro, deceased, petitioners.

*Myles, Wormser & Koch* for Chemical Bank & Trust Company, as trustee under the will of Richard Sutro, deceased, and another, respondents.

*Alfred Rathheim,* special guardian for Frederick R. Mayer and others, infants, respondents.

COLLINS, S. In this proceeding for the construction of the decedent's will the trustees request a determination involving the investment powers set forth in subdivision (a) of article Sixth thereof. Decedent died on August 3, 1930. His will was executed on April 30, 1930. Article Sixth (a) of the will reads: " It is my will and direction that all investments to be made by my Executors and Trustees hereunder shall be in bonds of the Government of the United States or of any of the States or Cities thereof, or in bonds secured by first mortgage on real estate that are legal for the investment of savings banks or trustees under the Laws of the State of New York (provided, however, that no more than twenty percent of the principal of any trust created hereunder shall be invested in such bonds) or in bonds of railroad companies or public utility companies which are legal for the investment of funds of savings banks or trustees under the Laws of the States of New York, Connecticut or Massachusetts, or in bonds of industrial companies upon which interest has been regularly paid for at least ten years immediately preceding such investment, or in preferred stocks of any railroad, public utility or industrial company upon which dividends have been regularly paid for at least ten years immediately preceding such investment."

The trustees contend that under the terms of the will they may invest not only in the kinds and classes of securities described in the aforesaid article but also in the kinds and classes of securities which are from time to time legal for investments by trustees under the laws of the State of New York. The question arises by reason of the enactment of the amendment to section 21 of the Personal Property Law by chapter 464 of the Laws of 1950, effective July 1, 1950, which broadens the class of legal investments to which trustees may now resort. The income beneficiaries and the adult remaindermen join in the contention of the trustees. The special guardian for infant remaindermen argues that the will specifically limits the investment powers of the trustees and forbids all other investments not enumerated therein. It is true that the 1950 amendment to paragraph (m) of subdivision 1 of section 21 of the Personal Property Law " opens a new field of investment to those trustees who, by reason of the silence of the wills or other instruments appointing them, lack special investment powers." (*Matter of Peck* 199 Misc. 1051, 1054; *Matter of Hilliard,* 197 Misc. 1094; *Matter of Katte,* N. Y. L. J., Feb. 27, 1951, p. 713, col. 5.) That amendment however did not affect the investment powers defined in the expressed terms of this will. Paragraph

(n) of that subdivision provides: "Nothing in this subdivision shall be deemed to limit the effect of any will, * * * creating or defining the investment powers of a fiduciary, or to restrict the authority of a court of proper jurisdiction to instruct the fiduciary in the interpretation or administration of the expressed terms of any will, * * * or in the administration of the property under the fiduciary's care."

If the investment powers in the will were permissive the contention advanced on behalf of the trustees could be sustained. It is clear from a reading of the will that the testator was cognizant of the distinction between permissive and mandatory powers. That the language employed in the particular paragraph of the will sought to be construed is mandatory and not permissive is plainly demonstrated when compared with the language used in other paragraphs of the will. In the paragraph under consideration the decedent stated: " It is my will and direction that all investments ". Similarly in paragraph (g) of the same article where the powers given to the executors and trustees are also to be exercised by their survivors, successors or substitutes, the decedent used the words: " It is further my will and I do direct ". Again in article Ninth the testator stated: "It is my will and I do direct " that all estate taxes be paid as administration expenses of the estate.

In contrast permissive language was used in paragraph (b) of article Sixth where the testator said: " I do expressly authorize and empower " in regard to continuing investments in the form in which he might leave them, and in subdivision (c) of the same article he used the words: " I authorize " in conferring upon his estate representatives power to sell any property. Similar permissive expressions are also found in paragraphs (e) and (f) of article Sixth. Of particular significance are the words contained in paragraph (d) where he said: " I authorize and empower, but do not direct " the executors to continue the business of Sutro Bros. & Co.

The court therefore holds that the will of this decedent contains a mandatory direction as to the types of securities in which the trustees might invest. These specific directions are unalterably prescribed and must be followed by the trustees. Their investment powers are not extended by the amendment to section 21 of the Personal Property Law, since the broadened investment powers under that amendment are subject to the restriction contained in paragraph (n) of subdivision 1 thereof hereinabove referred to.

Nor is the court of the opinion that the decision of the Surrogate in the former construction proceeding in any way favors the construction now urged by the trustees. In the prior proceeding (N. Y. L. J., Jan. 12, 1940, p. 182, col. 5) the court, construing the will liberally rather than strictly, authorized the trustees to invest in political subdivisions or instrumentalities of the Government of the United States or the States and cities thereof by including as such investments bonds of counties, Federal Farm Loan bonds, bonds of the Port of New York Authority and bonds fully guaranteed by the Government of the United States where such bonds were legal for investment by the trustees under the laws of this State. In effect the court held that the latter investments were within the intent of the testator as indicated by the language of his will. Beyond that the court did not go.

Submit decree on notice construing the will accordingly.