In the Matter of the Construction of the Will of LEON GOTTHEIL, Deceased.

Surrogate's Court, New York County, January 12, 1954.

*Dudley Miller* for New York Trust Company, as trustee under the will of Leon Gottheil, deceased, petitioner.

*Vincent R. Fitzpatrick,* special guardian for Christopher R. Palmer and another, infants, and another, respondents.

COLLINS, S. Decedent died in 1922. The trustee requests a construction of his will dated March 6, 1922, insofar as its investment powers are concerned. In paragraph Eighth of his will the decedent " permitted " his executor and trustee to retain any investments made by him " irrespective of whether or not they are securities which trustees under the laws of New York are entitled to hold or acquire." The same paragraph continues: " However, with regard to the investment and reinvestment of any funds which shall come into the hands of my said executor and trustees under the provisions of this will (being new invest-

ments made by them and other than investments and property which I shall hold at the time of my death), I will and direct that, as to such new and re-investments by my said executor and trustees, they shall be limited to such investments and securities as are legally permitted to trustees and executors under and by virtue of the laws of the State of New York in force at the time of my death.''

The trustee maintains that it is authorized by the terms of the will to invest in such securities as are permitted for trustees by the law in force at the time of the making of each new investment including the investment in a legal common trust fund maintained by it. If it be held that the trustee is restricted in its investments then it requests that such restriction be removed temporarily because available investments complying with the statute as it existed in 1922 produce approximately six-tenths of 1% less income annually than those authorized to trustees under the present statute. The special guardian for contingent remaindermen of the trust opposes both branches of the relief requested.

The court holds that the decedent's will restricts the trustee to investments that are authorized under the law as it existed at the time of his death in 1922. Despite the willingness of the court to afford the benefits of the expanded investment field for trustees authorized by present section 21 of the Personal Property Law it is bound by the prohibition contained in paragraph (n) of subdivision 1 thereof. That subdivision provides that '' Nothing in this subdivision shall be deemed to limit the effect of any will    *    *    *    creating or defining the investment powers of a fiduciary    *    *    *.'' A reading of paragraph Eighth of the will demonstrates that the decedent fully understood the distinction between permission and direction (*Matter of Sutro*, 201 Misc. 368). When he was speaking of investments made by himself he permitted their retention but as far as new investments are concerned he directed that they be limited to those authorized by the law in force at the time of his death.

It appears that investments which comply with the 1922 statute are available to the trustee although at a diminished yield. The authorities allowing a removal of the restriction to a particular investment because of unavailability are therefore inapplicable. The alternative relief requested by the trustee is accordingly denied.

Submit decree on notice.