In the Matter of the Construction of the Will of E. PENNINGTON PEARSON, Deceased.

Surrogate's Court, New York County, March 23, 1955.

*Mitchell, Capron, Marsh, Angulo & Cooney* for City Bank Farmers Trust Company, as trustee under the will of E. Pennington Pearson, deceased.

*Milton Sargoy* and *James R. Cherry,* in person, for James R. Cherry, as general guardian of the property of Eileen V. G. Pearson and another, infants, respondents.

*Edward J. Gould,* special guardian for Henry R. Schwab and others, infants, respondents.

Collins, S. This proceeding has been instituted to determine the extent of the powers conferred upon the corporate trustee by the testator. The special guardian for infants interested in the estate argues that the will confines the fiduciary to investments within a specified class of securities and that as a consequence there may be no recourse to the " prudent man " enlargement of section 21 of the Personal Property Law as amended by chapter 464 of the Laws of 1950. The general guardian for another group of infant beneficiaries reads the will differently and finds the testamentary directions to be permissive rather than mandatory in character thus permitting the investment program to be administered within the broader limitations fixed by the statute.

The detailed and lengthy instructions concerning the investment powers of the trustee are set forth by the testator in paragraph fifth of his will. They may be summarized as (a) authorizing the retention of nonlegals by the trustee; (b) confining new investments to legals with a precatory admonition to limit the right of selection to governmental securities only; (c) granting permission to go outside the legal list for the purchase of revenue bonds provided that the issues are legal under the laws of the State of the municipality issuing such securities, and (d) removing the prohibition against departure from the legal list if the trustee shall deem it " advisable  *  *  *  because of any unusual economic or political conditions."

It is the contention of the special guardian relying on the decision of this court in *Matter of Sutro* (201 Misc. 368), that

there is an express limitation upon the investment power in that the trustee is said to be restricted to government securities and revenue bonds. Paragraph (n) of subdivision 1 of section 21 of the Personal Property Law provides as follows: " (n) Nothing in this subdivision shall be deemed to limit the effect of any will, agreement, court order or other instrument creating or defining the investment powers of a fiduciary, or to restrict the authority of a court of proper jurisdiction to instruct the fiduciary in the interpretation or administration of the expressed terms of any will, agreement or other instrument or in the administration of the property under the fiduciary's care."

Unless the present will is to be construed as being permissive rather than mandatory in its investment directions it will be seen that departure from the type of program described by the testator may not be sanctioned. (*Matter of Sutro, supra*; *Matter of Robertson*, 109 N. Y. S. 2d 635; *Matter of Guaranty Trust Co.* [*Campbell*], N. Y. L. J., Dec. 8, 1952, p. 1411, col. 3.) It should be noted in passing that neither of the parties contends that the right of the trustee to invest in nonlegals because of " unusual economic or political conditions " is presently operative. The general guardian, however, argues in opposition to the position taken by the special guardian that the testator has clearly stated his purpose to permit investment in all legals and that the suggestion that the program be confined to government securities is not a restrictive command.

The court finds itself in agreement with the view that the fiduciary may avail itself of the extended investment authority created by chapter 464 of the Laws of 1950. It regards that text of paragraph fifth of the will qualifying the restriction to legals as advisory rather than directive. The will is an expression of the advice of a sage investor to his fiduciary. It is in no sense mandatory for in terms it explicitly frees the trustee from the restrictions earlier imposed should circumstances so change as to make such a program desirable or necessary. It would be difficult to reconcile this freedom of choice with a purpose to confine the trustee merely to two types of securities for investment. The court accordingly holds that paragraph fifth of the will must be construed as authorizing the trustee to invest under ordinary circumstances in all securities and forms of investment available to fiduciaries under the provisions of section 21 of the Personal Property Law.

Submit decree on notice construing the will in accordance with the foregoing.