Frankenthaler, S.
In this accounting proceeding the substituted trustee requests a construction of Article Tenth of the will which directs that new investments be “in such securities as savings institutions are authorized by the laws of the State of New York to purchase or invest in.” The court concurs with the trustee that the modifications of law respecting investments by savings banks can no longer be applied by testamentary trustees owing to changes in section 235 of the Banking Law and section 21 of the Personal Property Law. As it is impossible-for the trustee to follow the literal terms of the will, the trustee will be authorized to invest in such securities as are proper for testamentary trustees so long as the provisions of law specifying permissible investments for savings banks contain formulae *235 inapplicable to testamentary trusts. (Matter of Daly, 203 Misc. 851; Matter of Rosenblum, 132 N. Y. S. 2d 604, mod. on other grounds, 137 N. Y. S. 2d 479.)
"While counsel have contended for a decree granting power to the trustee to disregard the direction of the will whether or not the conflict between the statutes persists, the court is constrained by the intention of the testator as stated in the will. The cases cited by counsel which support such position are based on wills where the testator granted permissive authority to trustees to make certain specific investments rather than limiting their powers (Matter of Hilliard, 197 Misc. 1094; Matter of Emery, 199 Misc. 396; Matter of Katte, 106 N. Y. S. 2d 155; Matter of Jackson, 109 N. Y. S. 2d 634, revd. 282 App. Div. 690; Matter of Wilson, 127 N. Y. S. 2d 876). The testator herein, however, directed his trustees to invest in the securities in question. He - did not merely authorize such investment. Such cases are accordingly not authority herein.
Submit decree on notice construing the will and settling account accordingly.