In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under the Will of LEON SCHINASI, Deceased.

Surrogate's Court, New York County, August 12, 1955.

*Harold H. Corbin, Edward J. Bennett* and *David E. Pitcher, Jr.,* for Ruby Schinasi, petitioner.

*Thomas Kiernan, J. Adam Murphy* and *Haliburton Fales, II,* for trustee, respondent.

*Joesph Trachtman* for Solomon L. Schinasi and another, respondents.

*Jacob K. Javits, Attorney-General,* in his statutory capacity under section 12 of Real Property Law and section 113 of Personal Property Law, respondent.

*Frederick V. P. Bryan,* special guardian for Robert S. M. Goldsmith and another, infants, respondents.

FRANKENTHALER, S. This proceeding to reopen decrees on accounting and to remove the corporate trustee is brought by testator's widow who is a cofiduciary and a trust beneficiary. The petitioning widow claims that in accounting proceedings in this court the trust company wrongfully appropriated a commission of five per centum of collected rents and she asks that the corporate trustee be required to reimburse the estate for the amount of such commission in addition to all other commissions and fees that the company has received from the estate. The petitioner's contentions are that the bank deliberately and fraudulently concealed from her and the court a contract, in the form of a letter from the bank to testator, in which the bank agreed to render services as executor and trustee for a limited compensation that did not include a rental commission. The respondent trust company denies that the letter constituted a contract limiting its commissions as fiduciary under testator's will and it also denies that its nondisclosure of the letter was fraudulent. The bank pleads that, if the letter is controlling as to commissions, it does not deprive the bank of the statutory commission for management of realty. There is also a plea of *res judicata.*

Testator's will which was executed on February 11, 1930, designated his widow, his brother-in-law and respondent as executors and nominated testator's widow and respondent as trustees. The will also designated testator's son and daughter as fiduciaries to take office as each attained the age of twenty-five years. The instrument contained particular provisions as to the compensation of each fiduciary. The widow and children were to act without compensation of any kind. The brother-in-law was to receive $10,000 in lieu of commissions. Respondent was to be paid commissions at the rates specifically stated in the will.

At the date of testator's will the commissions payable to an executor and a trustee were fixed by section 285 of the Surrogate's Court Act, and provided that such fiduciary be allowed for his *services* the following sums:

" For receiving and paying out all sums of money not exceeding two thousand dollars, at the rate of five per centum.

" For receiving and paying out any additional sums not amounting to more than twenty thousand dollars, at the rate of two and one-half per centum.

" For receiving and paying out any additional sums not exceeding twenty-eight thousand dollars at the rate of one and one-half per centum.

" For all sums above fifty thousand dollars, at the rate of two per centum. * * *

" Where a trustee or executor is, by the terms of the instrument, required to collect the rents and manage real property, he shall be allowed and may retain, five per centum of the rents collected therefrom, in addition to the commissions herein provided."

The will nominating the trust company as one of the executors and trustees provided: " The above designation of [Respondent] as an Executor of and as a Trustee under this my Last Will and Testament is made upon the condition that, and shall be effective only if, the said [Respondent] shall agree that as to said estate the commissions for the receipt and disbursements of principal and income thereof payable to said [Respondent] shall be at the rate of one and one-half per centum upon said principal and said income; and that as to said trust funds the commissions for the receipt of income therefrom payable to said [Respondent] shall be at the rate of one and one-half percentum upon said income and the commissions for the receipt and disbursement of principal thereof payable to said [Respondent] shall be at the rate of one percentum upon said principal, payable at the termination of each trust."

A possible construction of the quoted language of the will is that it was intended to substitute, where applicable to the statute, lower rates of commissions for the receipt and disbursements of principal and income and to provide that such commissions on trust funds be paid at the termination of the trust. It is arguable that the silence of the will as to rental commissions could be indicative of an intention that the statutory commissions for the collection of rents were to remain operative. Seemingly the trust company gave the will such an interpretation in claiming rental commissions in its accountings. The failure of any interested party to object to the allowance of rental commissions on such accountings would indicate that they accepted the trust company's interpretation of the will. It is extremely doubtful that, had the question then been litigated, a judicial construction of the will would have sanctioned that interpretation of it. Whatever the reason then may have been for inactivity on the part of the affected parties, the fact was that they were unaware that on February 11, 1930, the date of the will, the respondent trust company wrote a letter to the testator in the following text:

"Dear Mr. Schinasi:

Referring to our conversation when we had the pleasure of your visit here today, we shall be glad to act as Executor and Trustee under your will, which I understand has just been executed and appreciate the compliment which you pay us in favoring us with your appointment. We confirm the rates which we quoted to you for our services, i.e.—

As Executor—1½% on the value of the Estate

As Trustee—1% on the termination of the trust, and 1½% per annum on the distribution of income.

These rates, as you know, are less than the statutory fees allowed in New York State and we request that you treat this arrangement as confidential between us.

Hoping that we may not be required to do more than hold the Will here for safekeeping subject to your order for a great many years, and that meanwhile you will find it convenient to make use of our services in any of the departments which are mentioned on the enclosed statement, believe me,

Very sincerely yours,<br>H. F. W.<br>Vice-President."

It is to be noted that the letter fixes the compensation for respondent's *services* and in so doing adopts the comprehensive term used in the first paragraph of section 285 of the Surrogate's Court Act. The letter is all inclusive and nothing in its text infers that it is a mere alteration of selected statutory provisions. It is a contract for compensation that is complete in itself. Had this letter been before the parties in prior accountings it is most probable that they would have questioned respondent's right to rental commissions and there would seem to be no remote probability that the court would have allowed rental commissions.

Respondent admits the writing and the signing of the letter but does not concede that the letter was transmitted to testator. Although proof of the actual deposit of the original letter in a mail box was lacking, the proof shows compliance with the bank's practice as to the initialing, filing and preservation of carbon copies of the letter and the officers of the bank in their discussions of the letter among themselves and with counsel always regarded its transmission to testator as an undisputed fact. The evidence was sufficient to establish that the letter was mailed to testator and the presumption is that he received it (*Hastings* v. *Brooklyn Life Ins. Co.*, 138 N. Y. 473, 477).

The briefs of respondent assert that the letter and the will are not consistent and in fact have substantial differences which affect the bank's compensation. That concession is not without weight (*Hettich* v. *Hettich*, 304 N. Y. 8, 13-14). If the agreement effected by the letter was in any wise different from the testamentary provision fixing commissions then the letter did not constitute a confirmation and acceptance of the will provision but was an entirely distinct contract which the bank was under a clear duty to disclose as its only basis to claim any commission. On the other hand, if the letter and the will provision were identical in language, which they were not, the fact that the bank regarded them as inconsistent required it in good conscience to disclose the letter as a basis for its claim to commissions. So long as the bank found any inconsistency between the will and the letter its clear obligation was to reveal the existence of the letter. Its concealment of the letter cannot be condoned. Its conduct is not excused by the contention here made that testator's failure to amend his will to conform it to the letter is susceptible of an interpretation that he regarded the letter as inoperative.

The existence of the letter was well known to respondent's officers. The letter, or a copy of it, was circulated among the trust officials of respondent. Copies of the letter were placed in various files of respondent including its files of this estate. However, the existence of the letter was never disclosed to respondent's cofiduciaries or to the court. Respondent's officers thought it advisable to discuss the legal effect of the letter with respondent's personal counsel but the letter was never mentioned to petitioner. In one of the accounting proceedings questions were raised by respondent as to the propriety of paying a five per centum rental commission to the individual fiduciaries and court rulings were obtained denying such commissions but no advice was sought by respondent as to its own right to such a commission. The court finds that information as to the existence of the letter was withheld from petitioner and that a deliberate effort was made by respondent to conceal the letter from its cofiduciaries. Because the letter fixed the compensation payable to respondent as fiduciary, the concealment of the letter from the cofiduciaries and its nondisclosure to the court was wrongful and fraudulent. Respondent's concealment of the true basis for computation of its commissions permitted it to claim and to obtain moneys to which it was not entitled.

The recited incidents *preceding* testator's death parallel the facts found in *Matter of Hayden* (172 Misc. 669, affd. 261 App. Div. 900, motion for leave to appeal denied, 285 N. Y. 859). In that case, as here, execution of the will was followed by the delivery to the testator of a writing by which a fiduciary waived statutory commissions and agreed to accept the stated compensation in lieu of that provided by statute. Here, as in the *Hayden* case, the letter constituted an effective waiver of statutory commissions and effectually stated the compensation to which the fiduciary was entitled in lieu of either statutory commissions or the compensation provided by the will. It is clear from the text of the letter that it was confirmatory of an oral agreement between the bank and testator. The court construes the letter as a waiver of every commission and form of compensation not explicitly comprehended within the text of the letter. The paper did not waive certain statutory commissions only and retain a right to claim other statutory commissions. Neither did it contemplate an application of the commission statute subject to limited modifications as to the rates for computing commissions. Instead the letter substituted a compensation for that provided either by statute or by testator's will. The letter contained no provision for the payment of a particular commission for the management of real property or the collection of rents and, by reason of such omission, respondent was not entitled to a commission for such collection in addition to the general compensation provided for by the letter. The letter was controlling as to respondent's compensation and respondent was not entitled to the five per centum commmission for rent collection.

The issue as to whether or not respondent was entitled to a rental commission was not considered in the accounting proceedings. The letter constituting the basis for allowance or disallowance of any commission was not before the court in those proceedings and the decrees are not *res judicata* upon the issues herein.

The application to vacate and to reopen the decrees on accounting is granted (Surrogate's Ct. Act, § 20, subd. 6; *Matter of Flynn,* 136 N. Y. 287; *Matter of Eitingon,* 70 N. Y. S. 2d 883, affd. 270 App. Div. 1009, affd. 297 N. Y. 557).

Respondent's request for permission to resign is granted. Respondent will cause its accounts to be settled up to the effective date of its resignation. Petitioner's application to revoke respondent's letters of trusteeship is denied as is also the application to require respondent to refund all compensation received by it as fiduciary in this estate. The decree herein will

vacate and reopen the decrees on accounting dated June 11, 1934, June 10, 1938, and March 23, 1948, insofar as such decrees allow to respondent or approve the retention by respondent of a commission of five per centum of rents collected and the decree herein will amend the prior decrees by disallowing such rental commission and by directing repayment of the total amount of such commission to the estate.

Submit decree on notice.