William O. Hecht, Jb., J.
Petitioner, in this article 79 proceeding, seeks the construction of a trust indenture and instructions as to whether the trustee thereunder may invest the trust fund in investments of the type prescribed for trustees from time to time by the laws of the State of New York.
By the trust indenture, the grantor transferred to the trustee certain United States Treasury 4%% bonds maturing in 1952. The indenture provided that if the life beneficiary survived the maturity of the securities forming the corpus of the trust, the proceeds were to be reinvested in highest grade securities of like nature, subject to this limitation: “ It being understood that in no event are the said proceeds to be reinvested in any securities not legally allowed for investment of funds of savings banks under the laws of the State of New York.”
This limitation is not by its terms restricted to securities legally allowed for savings banks at the date of the trust indenture, namely February 14, 1927. Securities legally permitted for savings banks at the time of investment may be acquired. (Matter of Westerfield, 278 App. Div. 153; Matter of Hammersley, 152 Misc. 903; cf. Matter of Sanford, N. Y. L. J., Feb. 14, 1956, p. 8, col. 3.)
Chapter 705 of the Laws of 1952 of the State of New York added subdivision 26 to section 235 of the Banking Law, permitting savings banks to invest in preferred stocks, guaranteed stocks, common stocks, and shares of investment companies, subject to regulations made by the banking board and to certain formulae based on the surplus fund, undivided profits and total assets of the savings banks making such investment. These formulae do not appear properly to be applicable to a trust fund such as that created by the grantor. In such circumstances, the trustees are permitted to invest in securities authorized for testamentary trustees. (Matter of Daly, 203 Misc. 851; Matter of Brown, 1 Misc 2d 234.)
Accordingly, the court construes the trust indenture dated February 14,1927 to mean that so long as such formulae remain in the laws relating to savings bank investments, the limitation on reinvestments to securities legally allowed for investment of funds of savings banks shall not be applicable, but instead the trustee shall be limited to investments authorized for trustees at the time of investment by the laws of the State of New York, including so long as applicable, those authorized in paragraph (m) of subdivision 1 of section 21 of the Personal Property Law, within the limitations therein set forth.
Submit order.