Maximilian Moss, S.
Testator was survived by his widow and four children. He nominated two sons as executors and trustees. One sixth of the estate was given to each of his four children. He bequeathed to his widow $2,500 “ and such further sum as together therewith shall equal one-third of my net estate. ’ ’ The said sum is to be held in trust and ‘ ‘ invested in such securities and properties as shall be designated as legal investments by Savings Banks of the State of New York.” All income as received “ shall forthwith be paid over ” to the widow. Testator directed that within six months after his death, the trustees shall pay the widow 10% of the corpus of her trust and 10% thereof each year thereafter until the entire fund is paid her. If she should die before the entire fund shall have been paid her, there is a gift over of the balance. Certain stock in a closely held corporation is bequeathed to the two sons named as trustees. Such stock is to be valued at its book value at the time of testator’s death “without any provision for good-will.” If the value so determined should be less than the share which each of the said sons would receive under the will, they were to be paid the difference in cash; if it be greater the said sons were to pay the difference to the daughter and the third son. The interest of each beneficiary of the estate was to be charged “ with that proportion of Federal and New York Estate Taxes levied against my estate as his or her share bears to the whole estate.”
Testator’s widow petitions for a decree establishing her right to take an intestate share of the estate under the provisions of section 18 of the Decedent Estate Law. Several grounds are asserted to sustain her claim. The first is directed to the provisions of the trust which permit her to obtain the principal in stated installments. It is contended that since the will directs the payment of the corpus to the widow within nine and one-half years it is not the trust for life which the statute requires; that the payments do not permit long-term planning of investments *567 thereby diminishing the income to which the widow would be entitled; that the paying over of the installments will cause paying out commissions on principal which would not be chargeable if the widow had no such right; that the trustees, if they were minded to collect their commissions as payments of principal were made, they would have the right to file petitions from time to time thereby incurring increased counsel fees and fees for special guardians. In short, it is said that the provisions of the will create an undue burden on the widow’s right to receive an undiminished income for life.
The widow attempts to place a too restricted interpretation on words and phrases chosen out of context in the statute and in the cases. ‘1 A testamentary gift of an equal sum with the intestate share, or a gift in trust of such a sum for the use of the surviving spouse for life, or a combination of such gifts providing in the aggregate at least such a sum, should constitute an equivalent of the intestate share ” (Matter of Byrnes, 260 N. Y. 465, 470).
The instrument under consideration provides substantial equivalents to the intestate share, as delineated in section 18 of the Decedent Estate Law. The trust is to continue until the entire corpus is paid over to her or until her death and she is to receive the full income therefrom undiminished. If the widow were to renounce her right to receive the installments of principal, her arguments would fail.
The widow insists that the provision of the will charging her share with estate taxes does not grant her the exemption to which she is entitled as the widow and does not give her the benefit of the marital deduction applicable to her share in intestacy. She thus concludes she has an absolute right to take her intestate share outright. The court construes the tax clause as directing apportionment of taxes in accordance with the provisions of section 124 of the Decedent Estate Law. Under such apportionment she is to be given appropriate deductions and exemptions, if any, permitted under this statute because of her relationship with the testator. As was said in Matter of Edwards (N. Y. L. J., April 11, 1956, pp. 7, 8, col. 1) “ Where taxes are to be apportioned as here, the widow’s right of election extends to a third of the net estate after the deduction of debts, funeral and administrative expenses, and before any deduction of estate taxes. Only after the determination in this manner of the widow’s share does Decedent Estate. Law section 124 come into play; only then are there deducted from her share any taxes chargeable against that share.” In Matter of Edwards (supra), the widow contended, as here, that she had a right to *568 elect because of the failure to allow for a marital deduction. As to that contention it was stated (p. 8, col. 2), “ Decedent Estate Law, section 18, does not require that a spouse be given a power of appointment over the remainder of a trust any more than it requires that the spouse be given the power to invade principal, yet, if the contention of the widow were upheld herein, the court would in fact have rewritten Decedent Estate Law, section 18, so to provide.”
It is further urged that the provision for investments unduly restricts the trustees. Similar provisions have been held to authorize such investments as are permissible under the provisions of section 21 of the Personal Property Law (Matter of Daly, 203 Misc. 851; Matter of Rosenblum, 132 N. Y. S. 2d 604, mod. on other grounds 137 N. Y. S. 2d 479; Matter of Brown, 1 Misc 2d 234; Matter of Dooley, N. Y. L. J., July 25, 1955, p. 3, col. 8).
The widow further urges that since one third of the stock bequeathed to two of testator’s sons is not part of the widow’s trust she is deprived of the income from a fair cross section of the estate, and figures are submitted tending to show a large corporate earning capacity. It is contended that since one third of the stock should be part of the widow’s trust, the possession by the trust of such one third would be potentially destructive of the widow’s right to income because control of the corporation would be in the trustees. It is not contended and nothing is submitted tending to show that the value to be established for the stock in accordance with the formula prescribed by the testator is not the true value of the stock. An examination of the files of this court discloses that the widow’s trust as computed therein is based on the value established for tax purposes in that proceeding. It was pointed out in Matter of Clark (275 N. Y. 1) that the Surrogate has jurisdiction to direct an equitable distribution and valuation of the assets so as to insure to the widow her intestate share. Here, the court cannot read this provision in the will as “.an attempt to perpetrate a fraud.” “ Nothing in this will indicates an intent by the testator to establish such a trust as will yield little or no income or otherwise ingeniously to deprive the widow of her intestate rights ” (Matter of Clark, supra, p. 5). The widow is entitled under the will to the minimum required under section 18 of the Decedent Estate Law. Given this minimum, she is not entitled to have specific assets assigned to her trust.
The court holds that petitioner is not entitled to elect to take an intestate share under the provisions of section 18 of the Decedent Estate Law. Settle decree on notice.