▆ In the Matter of the Estate of WILLIAM NOBLE, Deceased. BERTHA

NOBLE, Appellant; MAX NOBLE et al., Individually and as Executors and Trustees under the Will of WILLIAM NOBLE, Deceased, et al., Respondents.— Appeal from a decree of the Surrogate's Court, Kings County, denying a widow's right of election. Decree modified on the law by striking therefrom the first decretal paragraph and by substituting therefor a provision that the appellant is entitled to the limited right to elect to take an amount computed under the first sentence of paragraph (f) of subdivision 1 of section 18 of the Decedent Estate Law. As so modified, decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. The findings of fact are affirmed. The will directs how estate taxes shall be charged. Accordingly, section 124 of the Decedent Estate Law has no application. Paragraph Seventh of the will directs that the bequest to the surviving spouse be charged with one third of the estate taxes. Such direction reduces her bequest below the minimum to which she would be entitled in intestacy. By operation of the Federal and New York State marital deduction provisions (U. S. Code, tit. 26, § 2056; Tax Law, § 249-s, subd. 4 [renum. subd. 3 by L. 1955, ch. 484]) the widow in intestacy would be entitled to one third of the net estate free of taxes. Appellant is entitled to elect to take the amount imposed upon her bequest by paragraph Seventh of the will, and the provisions of the will otherwise remain effective. No right of election exists by reason of the provision in the will for periodical payments of principal of the trust nor by reason of the claim that the will does not provide appellant with a share measured upon a fair cross section of the assets of the estate. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [3 Misc 2d 565.]