Joseph A. Cox, S.
The testatrix died in 1904. Her will created a perpetual charitable trust. She nominated two individuals and Central Realty Bond & Trust Company to act as trustees and a third individual to take office in the event either of the two individuals who were first named ceased to act. The will provides that the trust company receive as compensation for its services “ such sum as the other Trustees mentioned in this my Will shall arrange and agree upon as proper, the amount in any event, so far as income is concerned, not to exceed two and one-half per centum per annum upon the income which may be collected by the said Trust Company ’ ’. The will further recites that one of the individual trustees had declined compensation and it then expresses the desire that the other individual trustee or any successor trustee receive statutory commissions.
The nominated trust company did not qualify as trustee when the trust was set up and the two individuals named in the will functioned as trustees until the death of one of them in 1911. Thereafter the person named in the will as a successor trustee took office in the place of the deceased trustee. The survivor of the original trustees died in 1928. In the interim between the death of the testatrix and 1928 the corporation named in the will had become known, by reason of mergers, as Lawyers Trust Company and in 1929 this company was appointed a cotrustee to act with the then sole surviving individual trustee. Following such appointment there was an exchange of correspondence between the trust company and the individual trustee under which the company agreed to accept commissions computed at 1%% of the trust income received and disbursed and 1% of the trust principal received. The individual cotrustee died in 1934. The Lawyers Trust Company merged with *1043 Bankers Trust Company in 1950 under the latter name and this company is now the sole trustee.
Bankers Trust Company as sole trustee asks that its account be settled and that the court determine the commissions to which it will be entitled in the future. The trustee seeks prospective relief from what it considers the onerous terms of the agreement made by the trust company which it has succeeded and the trustee requests that it be allowed commissions at statutory rates from and after the date of a decree in this proceeding.
When the corporate trustee, having renounced the nomination in the will, qualified as a trustee upon the death of a trustee at a time long subsequent to the creation of the trust, it was assuming office as a successor trustee. Its assumption of office at such time was not dependent upon the fact that it was named in the will but was occasioned by the then existing need to fill a vacancy among the trustees. The circumstances under which the company assumed office requires it to be characterized as a successor trustee and it was of no consequence whether, when the company took office, it had the same name or a different name from the company mentioned in the will. The successor trustee was entitled to statutory commissions under the explicit terms of the will which directed that such commissions be paid to any successor trustee but, after its appointment, the company chose not to demand such commissions and instead agreed to accept a different sum.
When this agreement was made in 1929 a testamentary trustee who received and paid out the full trust principal was entitled to statutory commissions amounting to 2% of the trust principal plus $20. For the receipt of the full principal a trustee was entitled to 1% of such principal plus $10. In the case of perpetual trusts there seldom was occasion to expend substantial principal sums and consequently it would be unusual for trustees of such trusts to receive substantial paying-out commissions. The agreement of the trustee herein to accept a commission of 1% for receiving the trust capital was not a great sacrifice. In 1929 a trustee was allowed the same statutory commissions upon trust income as were allowed upon trust principal but a trustee who rendered an annual account to the beneficiary was permitted to compute such commissions upon an annual basis. This would mean that, provided an annual account was rendered, commissions upon an annual income of $20,000 would be 2%% plus $50 and upon an annual income in excess of $22,000 a total commission of 1%% plus $270 would be payable. The trustee herein agreed to accept a commission *1044 of on income. It is apparent that while the trustee was willing to make some concessions in connection with its appointment, its agreement provided it a compensation which it considered adequate in comparison with the statutory rates then prevailing.
Bankers Trust Company suggests that there is a basis for limiting the effectiveness of the agreement to the period during which two trustees acted and shared fiduciary duties. In this connection the attention of the court has been called to the fact that the testatrix intended the individual trustees to exercise powers which were different from those conferred upon the corporate trustee named as an original trustee in the will and that she intended, in the main, that the individual trustees would effectuate her charitable purposes while the corporate trustee would concentrate its efforts toward the productive investment of the trust assets. These distinctions between the duties of the trustees obviously were in contemplation of the initial problems arising in putting the charitable plan into operation. Testatrix’ purpose was to create and maintain a home for the aged. The individual trustees were to select a site for a building and to see to its construction. These problems were no longer existent when the corporate trustee took office 25 years after testatrix’ death. Furthermore, and more important, the distinction in duties which was made between the individual trustees named in the will and the corporate trustee therein named is not applicable to the present trustee which is a successor to an individual trustee. The fact that such successor happens to be a corporation is incidental and inconsequential and anything in the will that may be deemed to be a limitation upon the powers of the corporation therein named has no present application. The determination of the issue raised by the petition does not rest upon the fact that the present trustee is acting as a sole trustee but must be resolved by ascertaining the effectiveness and operation of the corporate trustee’s agreement respecting the amount of commissions payable to it.
Agreements made by fiduciaries, entered into prior to appointment, to accept compensation in lieu of statutory commissions are binding (Matter of Hayden, 172 Misc. 669, affd. 261 App. Div. 900; Matter of Schinasi, 3 N Y 2d 22, which mod. 2 A D 2d 105 and affd. 208 Misc. 1056). From the account herein, as amended on notice to the interested parties, and from an affidavit of one of the attorneys for the trustee, the fact appears to be that in this estate the acceptance of a reduced commission was neither a consideration for the nomination of the *1045 corporate trustee nor a condition of its appointment but instead .the agreement to accept less than statutory commissions was made after the trustee was in office. Such voluntary relinquishing of commissions was effectual and final in prior accounting-proceedings but neither the initial agreement nor a prior waiver of commissions has prospective force and it is the privilege of the trustee to repudiate the agreement as to such prospective commissions. (Cf. Matter of Shoenberg, 103 N. Y. S. 2d 918, 920-921; Matter of Keeler, 49 N. Y. S. 2d 592, 594.)
The will authorizes investments in “ securities, of the character in which Savings Banks are authorized to invest under the laws of the State of New York ”. A similar investment provision was considered in Matter of Daly (203 Misc. 851) where it was held that the existing provisions of the Banking Law controlling investments by banks cannot be made applicable to testamentary trusts and, for that reason, the testamentary direction was without effect. Other decisions reaching a like result are Matter of Rosenblum (132 N. Y. S. 2d 604); Matter of Petit (3 Misc 2d 713) and Matter of Edison (4 Misc 2d 13). Accordingly it is held that trust investments in this estate may be made in securities authorized by law in the same manner that would be permissible if the will lacked a limitation upon the trustee’s investment powers.
Submit decree on notice.