Aeon Stutter, J.
The motion to settle trustee’s account and for other relief is granted as follows: The account is settled and approved as filed. The computation of commissions in Schedule “ K ” of the account is approved as is the fee paid to attorneys for petitioner. The guardian ad litem is awarded $750 for his services.
The motion also requests instructions as to the investment powers of the trustee. The corpus of the trust estate as it came into the hands of the trustee consisted of real estate. The trust indenture provided that in the event the real estate was sold the proceeds should be ‘ ‘ invested and reinvested in securities approved or permitted by the laws of the State of New York as investments for the funds of Savings Banks.”
The indenture is dated December 14,1922. Had the real estate been converted into cash at that time no difficulty would have been encountered. Prior to the conversion and investment the Banking Law was amended. The applicable law would be that in effect at the time of investment rather than that in effect at the time of'execution of the instrument (Matter of Westerfield, 278 App. Div. 153).
At the applicable time the Banking Law (§ 235) provided that savings banks might invest in several categories of investments but placed limitations on the amount that might be invested in each category, such limitations being dependent on the extent of its surplus and bearing a ratio of the amount permissible for investment to the bank’s capital, surplus and undivided profits. It has been uniformly held that these restrictions are inapplicable to trustees (Matter of Peck, 199 Misc. 1051; Matter of Pettit, 3 Misc 2d 713).
The trustees’ power of investment under these conditions might receive two possible interpretations — one, contended for by the trustee here, is that the entire provision in the indenture becomes unworkable and the trustee is governed by the provisions of the Personal Property Law regarding investments by trustees. The second interpretation, advanced by the learned guardian ad litem is that as to the class of investment the Banking Law shall apply but the limitations on proportion not being applicable should be ignored.
The first interpretation has support in two decisions — Matter of Nevins (8 Misc 2d 1041) and Matter of Edison (4 Misc 2d 13). *714 The guardian relies on Matter of Dodge (9 Misc 2d 183). As this case and the Edison case were decided by the same distinguished Judge (Mr. Justice Hecht), he seeks to distinguish the cases on the ground that in the Dodge case the testator evinced a preference to have investment made as savings banks are restricted rather than as trustees are.
Assuming that distinction to be correct, there is nothing in the indenture in this case that evinces a desire on the part of the creator of the trust that exceeded that shown by the testators in the Nevins and Edison cases. Secondly if a superior desire were shown, it is to attain the degree of safety in investment which the Legislature has provided for in the restriction placed on the investive power of savings banks. The formulae set out in the Banking Law are an integral part of the restriction. Concededly these formulae cannot be applied in the investment of a trust fund. As without them the restrictive provision would lose a great deal if not all of its force, the settlor would not be providing for the kind of investment he envisaged. It would follow that the instruction contended for by the trustee should be given.