Harry G. Herman, S.
The court is requested to construe decedent’s will, more particularly the portion thereof hereinafter quoted: “ I authorize my said executors and also my trustees to retain as investments of the estate or trusts, any bonds, stock or other investments belonging to me at my death. In reinvesting any trust funds my executors and trustees are directed to invest only in such securities as savings banks of the State of New York are then permitted to invest in by the laws of said State, and not to invest more than Fifty Thousand Dollars ($50,000) in any one investment other than bonds or securities of the United States Government, or of the City or State of New York ”, so as to determine the extent of the trustees’ investment powers.
The decedent died June 27, 1930, leaving a will and codicil dated respectively January 24, 1930 and March 1, 1930, which were admitted to probate and letters testamentary and trusteeship issued by this court July 15,1930.
To determine the securities in which savings banks are permitted to invest requires an examination of section 235 of the Banking Law. Prior to 1952 said section (formerly § 239) generally permitted savings banks to invest in secured obligations. In 1952 subdivision 26 was added to section 235 (L. 1952, ch. 705). *610 This amendment extended the classes of investments permitted by savings banks to preferred, guaranteed and common stocks of certain qualified corporations. Upon these permitted investments weré imposed certain percentage limitations based upon either the bank’s assets or surplus and undivided profits.
The courts of this State since 1953 have taken the position that section 235 of the Banking Law would not be made applicable to testamentary trusts upon the theory that percentage restrictions fixed by subdivision 26 of said section could not be realistically or intelligently applied to trusts. (Matter of Daly, 203 Misc. 851; see, also, Matter of Scheftel, 155 N. Y. S. 2d 919; Matter of Wilson, 127 N. Y. S. 2d 876; Matter of Nevins, 8 Misc 2d 1041; Matter of Edison, 4 Misc 2d 13; Matter of Brown, 1 Misc 2d 234.)
Having determined the inapplicability of said section 235 to testamentary trusts the court now turns to an analysis of section 21 of the Personal Property Law. Prior to 1950 section 21 of the Personal Property Law and section 111 of the Decedent Estate Law defined permissible investments for fiduciaries and contained identical language and authorized investments 1 ‘ in the same kind of securities as those under which savings banks of this State are by law authorized to invest the money deposited therein ”.
The court in Matter of Wade (270 App. Div. 712, affd. 296 N. Y. 244), interpreted tire language just quoted as permitting investments in the same kind of securities allowed under section 235 of the Banking Law but not subjecting fiduciaries to the percentage limitations contained therein. However, on July 1, 1950, section 111, of the Decedent Estate Law was repealed and section 21 of the Personal Property Law was amended to apply to all type of fiduciaries and adopted the so-called “ prudent man ” rule governing fiduciary investments. By said provision, authority is granted to invest in certain corporate securities to the extent of 35% of the market value of the trust fund. Said section 21 is applicable where the will is silent or contains only permissive language with respect to investment powers. (Matter of Katte, 106 N. Y. S. 2d 155.) However, should the will contain mandatory language relative to investments the will would prevail. (Matter of Sutro, 201 Misc. 368.)
The problem confronting this court has been resolved in the past by interpreting similar language as used by the decedent to permit the trustee to invest in securities authorized by section 21 of the Personal Property Law “ so long as the provisions of the law specifying permissible investments for savings banks have formula) inapplicable to testamentary trusts ”. (Matter of *611 Daly, supra.) Similar language has been given like construction in Matter of Brown (supra) and Matter of Nevins (supra).
The court in Matter of Scheftel {supra, p. 919) construed the following language: “ in securities in which savings banks of the State of New York may, from time to time, invest their funds, but not to invest more than $25,000 in bonds or notes of any one corporation, and not to invest more than $40,000 in any one mortgage ” to entitle the trustee to make such investments as were authorized under section 21 of the Personal Property Law subject, however, to limitations imposed by the will.
The use of the language ‘ ‘ are then permitted to invest by the laws of said State ” indicates to the court that testator intended investments be made in accordance with the statutes then in effect.
The court concludes that so long as subdivision 26 of section 235 of the Banking Law contains certain existing percentage limitations which cannot be applied to testamentary trusts, the trustees’ authority to invest will be governed by the provisions of section 21 of the Personal Property Law, subject to the additional limitation imposed by the will limiting any one investment to a maximum of $50,000 in other than bonds or securities of the United States Government or of the City or State of New York.