John D. Bennett, S.
In this intermediate accounting the court is requested to construe the decedent’s will with regard to the extent of the trustee’s authority to make investments.
The portion of paragraph Fifth involved reads: “I further give my Executors and Trustees full power and authority in their discretion to change investments and to invest and reinvest from time to time all or any part of my estate or of either of the trusts hereby established in such securities and property as they may deem advisable, provided that such securities or other property at the time of acquisition thereof shall be legal under the laws of the State of New York for investment, by savings banks or life insurance companies.”
The testator’s death occurred on October 2, 1943. Prior to July 1,1950, section 111 of the Decedent Estate Law and section 21 of the Personal Property Law authorized investments by fiduciaries “ in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein
The decision in Matter of Wade (270 App. Div. 712, affd. 296 N. Y. 244), decided in the period prior to the amendment of section 111, interpreted language similar to that here involved as permitting investments in the same kind of securities allowed under section 235 of the Banking Law but did not subject fiduciaries to the percentage limitations contained therein.
Also prior to 1950, the statutory authority of fiduciaries with respect to investments had been regarded as conferring slightly broader powers than those permitted for savings banks (Matter of Wilson, 127 N. Y. S. 2d 876, 879). The converse however is now true and savings banks, subject to certain percentage restrictions, have considerably broadened investment powers (Banking Law, § 235, .subd. 26).
On July 1, 1950, section 111 of the Decedent Estate Law was repealed and section 21 of the Personal Property Law was amended to apply to all fiduciaries. Under said provision authority is granted to invest in certain corporate securities to the extent of 35 % of the market value of the trust where the will *123 is silent with regard to investment powers or contains no mandatory restrictive provisions.
The courts have generally held that section 235 of the Banking Law cannot be made applicable to investment powers of a fiduciary upon the theory that the percentage restrictions placed upon such banks cannot be realistically applied to trustees (Matter of Thompson, 34 Misc 2d 609; Matter of Nevins, 8 Misc 2d 1041; Matter of Edison, 4 Misc 2d 13; Matter of Daly, 203 Misc. 851; Matter of Noble, 3 Misc 2d 565, mod. on other grounds 2 A D 2d 897). The same would appear to be true of the sections pertaining to investments by life insurance companies (Insurance Law, §§ 79, 80, 81, 82, 83).
While the court in Matter of Dodge (9 Mise 2d 183) was of the opinion that the testator, in referring to securities in which savings banks could invest, referred only to the kind of securities without necessarily referring to percentage restrictions placed upon banks, this case appears to be against the general weight of authority (see Matter of Stebbins, 26 Misc 2d 712). The court here is in agreement with the sentiments of Justice Stetjer in Matter of Stebbins (supra, p. 714) that if any intention is apparent at all “it is to attain the degree of safety in investment which the Legislature has provided for in the restriction placed on the investive power of savings banks. The formulas set out in the Banking Law are an integral part of the restriction. Concededly these formulae cannot be applied in the investment of a trust fund. As without them the restrictive provision would lose a great deal if not all of its force, the settlor would not be providing for the kind of investment he envisaged.”
The court holds that so long as subdivision 26 of section 235 of the Banking Law and the applicable sections of the Insurance Law contain percentage limitations which cannot be applied to testamentary trusts, the trustee’s authority to invest will be governed by section 21 of the Personal Property Law.