William J. Regan, S.
In this judicial settlement proceeding the guardian ad litem seeks to surcharge the testamentary trustees in the sum of $17,001.12 by reason of an allegedly invalid investment made by the trustees.
The deceased died on December 4, 1953, leaving a last will and testament dated February 12, 1953, which, was probated ;n this court on December 19,1953. Pursuant to the provisions of said will, letters testamentary and letters of trusteeship were issued to the Manufacturers and Traders Trust Company and Teresa B. Bayliss on December 19, 1953. The trustee, Teresa B. Bayliss, died on July 22, 1974.
In this accounting proceeding the guardian ad litem, Carl Hoffman, was appointed to represent the interest of Dorothy Frisch, a person upwards of the age of 21 years and under a disability.
The account, among other things, reflects the purchase of 327 shares of Manufacturers and Traders Trust Company discretionary common trust fund “ B ” at the original cost of $35,-886.21, and the purchase of 1,077 shares of Manufacturers and Traders Trust Company legal common trust fund “ A ” at a cost of $74,978.01. The eventual sale of these stocks showed a *493 total loss df $17,001.12. The gu-ardian ad litem contends that these investments were made in violation of specific restrictions set forth in the testator’s will and the loss thereon should therefore be chargeable to the trustee personally.
Paragraph.“ Eighth ” of the testator’s will provides in part:. “ (b) * * * Said trustees shall hold, invest and re-invest such remaining part of my residual estate in funds and securities in which savings banks of the State of New York are permitted by law to invest their monies, except as may otherwise be provided by article ‘ Tenth ’ of this my Last Will and Testament ”. Paragraph “ '¡Tenth ” of said will contains minor exceptions not applicable to the objection herein. The sole issue presented is whether the investment by the trustees in the surviving trustee’s common -trust funds was contrary to the restrictions set forth in the will. The guardian contends generally that investments in the common trust funds referred to in this proceeding are not permitted investments by savings banks under section 235 of the Banking Law, and contends particularly that section 100-c" of the Banking Law is applicable in that investments in common trust funds are permitted only if not forbidden by the will.
It is to be noted that the trust was originally funded with an inventory of approximately $125,000 and that the appreciation accounted for from the period of 1956 to the date of the accounting was in excess of $175,000. It is conceded by the guardian that the “ overall performance <of the trustees is complimentary ”. In view of the economic conditions and declining market which have been so predominant in the vast majority of accounts brought to the attention of this court in the last two or three years, the results reflected by this accounting are indeed remarkable. However, this court .agrees with the guardian that satisfactory results produced by proper investments do not serve to absolve trustees of any liability for investments that are invalidly made and result in a loss. (Matter of Bank of N. Y., 35 N Y 2d 512.)
The guardian cites in support of his arguments Matter of Robertson (109 N. Y. S. 2d 635) and Matter of Davison (134 Misc. 769, affd. without opn. 230 App. Div. 867). It does not appear that such cases reflect more recent opinions dealing with this issue. It would not appear in any event that these cases support the argument that section 235 of the. Banking Law prohibits investments by the corporate trustee in its own common trust funds. Thus, while it appears that section 235 of the Banking Law does permit investments in common trust funds, *494 the restrictions thereon are so limited in scope 'by reason of the formula applied that the application thereof to testamentary trusts seems at least impracticable if not impossible. It has been held in numerous instances that certain of the limitations contained m section 235 are peculiarly applicable only ito savings banks and have no relation whatsoever to investments by fiduciaries generally. (Matter of Wilson, 127 N. Y. S. 2d 876; Matter of Rosenblum, 132 N. Y. S. 2d 604; Matter of Syke, 46 Misc 2d 121; Matter of Brown, 1 Misc 2d 234.)
As concerns the application of section 100-c of the Banking Law, suffice it ito say that there is no specific prohibition in the will against common trust funds as such, thereby rendering 100-c inapplicable.
In view of the above it is the decision of this court that the objections filed by the guardian ad litem be dismissed. The decree embracing this decision shall contain a direction restoring this matter to the general calendar of this court for the purpose of fixing and approving legal fees of the attorneys for the estate and the fee for the guardian ad litem.